IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES A. POUNDERS,

      Plaintiff,

v.                                                              CV 14-347 KG/WPL

CAROLYN W. COLVIN, *Acting Commissioner
of the Social Security Administration*,

      Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Commissioner filed Objections (Doc. 21) on July 27, 2015, to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 20), to which Pounders responded on August 4, 2015 (Doc. 22). The PFRD recommends reversing and remanding this case to the Social Security Administration for further proceedings consistent with the PFRD. The Commissioner objects to the PFRD in two respects. The Commissioner contends, first, that the Magistrate Judge erred in determining that the Administrative Law Judge ("ALJ") committed legal error with regard to her treatment of treating neurosurgeon James Harrington, M.D.'s, opinion, and second, that the Magistrate Judge erred in determining that the ALJ failed to sufficiently articulate Pounders's residual functional capacity ("RFC"). Pounders responds that the Magistrate Judge did not err and the PFRD should be adopted as an order of this Court.

In reviewing a PFRD, the Court must make de novo determinations of those portions of the PFRD to which any party made proper objections. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Issues raised for the first time in objections to the PFRD are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d

1421, 1426 (10th Cir. 1996). After conducting a de novo review and for the following reasons, I find the objections to be without merit.

### DR. HARRINGTON'S OPINION

The Commissioner argues that the Magistrate Judge erred in his finding that "[t]he ALJ did not include any discussion of the factors set forth in 20 C.F.R. § 404.1527(c) when discussing the weight accorded to Dr. Harrington's opinion" under the second prong of *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (requiring ALJ to apply certain factors when weighing opinion of treating physician after ALJ declines to give opinion controlling weight). The Commissioner contends the ALJ addressed the section 404.1527(c) factors elsewhere in the opinion, relying on *Endriss v. Astrue*, 506 F. App'x 772 (10th Cir. 2012) (unpublished), for the proposition that the ALJ is not required to reiterate her discussion of medical evidence when rejecting a treating physician's opinion. The court in *Endriss* concluded that the ALJ had engaged in a detailed rejection of specific findings by one doctor, and then a more general rejection of the very similar findings by a second doctor. 506 F. App'x at 776-77. Additionally, the Commissioner cites to *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), for the proposition that the ALJ is not required to expressly apply every factor of section 404.1527(c), when assigning weight to a medical opinion. Finally, the Commissioner urges that any omissions on behalf of the ALJ are "merely technical" and do not warrant reversal. *Keyes-Zachary v. Astrue*, 695 F.3d 1156 (10th Cir. 2012).

The Magistrate Judge found legal error at step four of the sequential evaluation process, finding the ALJ did not adequately explain her reasons for rejecting Dr. Harrington's opinion, as required by section 404.1527(c), and *Krauser*, 638 F.3d at 1330. Contrary to the Commissioner's assertion, the Magistrate Judge did not suggest that the ALJ is required to apply

every factor of section 404.1527(c) when weighing a medical opinion, but rather that *Krauser* requires the ALJ to apply only certain factors when determining what weight to assign the opinion of a treating physician when that opinion is not entitled to controlling weight. 638 F.3d at 1330. *Krauser* requires the ALJ to make "sufficiently specific" findings such that a reviewing court can understand the weight assigned to an opinion and the reason for that weight. *Id.* The Magistrate Judge concluded that the ALJ properly declined to give controlling weight to Dr. Harrington's opinion, but she failed to explain the weight she ultimately assigned to the opinion. While the ALJ discussed the medical evidence in her opinion, and noted that Dr. Harrington's opinion "is not supported by Dr. Harrington's own notes," this appears to deal only with the first prong of *Krauser*, regarding the process by which an ALJ determines whether a treating source's opinion is entitled to controlling weight. (AR 29.). *Krauser* provides,

> [A] finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected.

638 F.3d at 1330 (quoting Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *4 (July 2, 1996). Upon a finding that a treating source opinion is not entitled to controlling weight, the ALJ is required to conduct a second inquiry, applying the factors of 20 C.F.R. § 404.1527(c). *Id.* at 1331.

I agree with the Magistrate Judge that the ALJ properly declined to accord Dr. Harrington's opinion controlling weight, and that she subsequently failed to adequately explain the weight assigned to that opinion. Failure to apply both prongs of *Krauser* is an error of law requiring remand. Accordingly, I overrule the Commissioner's objections on this point.

## RFC ASSESSMENT

The Magistrate Judge found that the ALJ failed to conduct a function-by-function analysis when crafting the RFC and failed to tie the medical evidence to the RFC determination. The Commissioner objects to the PFRD on the basis that the Magistrate Judge erred in concluding that the ALJ's RFC assessment was insufficient under SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). The Commissioner relies on *Hendron v. Colvin*, 767 F.3d 951, 956-57 (10th Cir. 2014), for the proposition that the ALJ's use and modification of the physical requirements of an exertional category can stand in for a narrative discussion of the seven strength demands outlined in SSR 96-8p. Pounders responds that *Hendron* is distinguishable because that court found that the claimant failed to demonstrate error because she was "'pain free' . . . during the Relevant Time Period," 767 F.3d at 957, and here, there is no issue regarding the relevant time periods, including when Pounders experienced symptoms.

In *Hendron*, the court reiterated that a function-by-function analysis is most important at phase two of step three, when determining whether a claimant can perform his past relevant work as he actually performed it, and at step five, when determining whether there is other work that the claimant could do. *Id.* at 956. "The concern is that, without a function-by-function analysis, an ALJ may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do." *Id.* (quotation omitted). The claimant in *Hendron* argued that the ALJ overlooked her problems associated with sitting. The court disagreed and found that the ALJ's limitation to the full range of sedentary work was adequate and that the ALJ considered evidence for the relevant time period. *Id.* at 956-57.

Here, the ALJ found that Pounders has an RFC for medium work, meaning that he can lift no more than fifty pounds at a time, with frequent lifting or carrying of up to twenty-five

pounds, section 404.1567(c), except that he must be able to change from sitting to standing roughly every hour and experiences some postural limitations. (AR 28.) There are no issues in this case about the relevant time period and no allegation that the ALJ overlooked an alleged impairment or limitation.  Additionally, this case involves limitations on the exertional categories.  This case is distinguishable from *Hendron*.

I agree with the Magistrate Judge that the ALJ failed to conduct the requisite function-by-function analysis required by SSR 96-8p. This, too, constitutes reversible error.

IT IS THEREFORE ORDERED that:

1) the PFRD is adopted as an Order of the Court;

2) the case is remanded to the Social Security Administration for proceedings consistent with the PFRD and this Order; and

3) this cause is dismissed with prejudice.

.

_____
**UNITED STATES DISTRICT JUDGE**