IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES A. POUNDERS,

      Plaintiff,

v.                                                                                                    CV 14-347 KG/WPL

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

      Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

James Pounders filed an Opposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. (Doc. 24.) Pounders seeks $7,804.70 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of the Social Security Administration ("Commissioner") filed a response (Doc. 25), and Pounders filed a reply (Doc. 26). Having reviewed the briefing, the record, and the relevant law, the Court concludes that Pounders is entitled to the relief sought and therefore grants the motion for attorney's fees in the amount requested.

Attorney's fees are required under the EAJA if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). In this case, the Commissioner argues only that her position was substantially justified. Her "position" refers to both the

Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D).

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quotation omitted). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's position can be justified even though it is not correct." *Id.* (quotation omitted). In particular, "[w]hen an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (unpublished) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)).

When the agency applies the wrong legal standard, the Commissioner "[cannot] show that [her] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001) (unpublished); *see Gatson v. Bowen*, 854 F.2d 379, 380-81 (10th Cir. 1988) (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

The Commissioner argues that her position is substantially justified for two reasons. First, the Commissioner contends that she reasonably weighed and explained the weight assigned to Dr. Harrington's opinion as a treating physician. However, the Court concluded that the Administrative Law Judge ("ALJ") in this case failed to apply the second prong of *Krauser v. Astrue*, 638 F.3d 1324 (10th Cir. 2011), which requires the ALJ to adequately explain the weight assigned to a treating physician's opinion when that opinion is not afforded controlling weight.

(*See* Doc. 23 at 3.) The Court further determined that the failure to apply both prongs of *Krauser* constituted legal error. (*Id.*)

Second, the Commissioner maintains that she was sufficiently specific in her assessment of Pounders's residual functional capacity. The Court concluded, however, that the ALJ failed to conduct the requisite analysis under Social Security Ruling 96-8p, 1996 WL 374184 (July 2, 1996). The Court did not, however, explicitly state that this constituted legal error.

While the Court makes no finding as to whether the Commissioner's position was substantially justified with regard to her assessment of Pounders's residual functional capacity, the Court finds that the Commissioner's position was not substantially justified as it relates to her assessment of treating Dr. Harrington's opinion. Accordingly, the Commissioner's position was not substantially justified.

IT IS THEREFORE ORDERED THAT the motion is GRANTED and Plaintiff is awarded $7,804.70 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.